**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOE T. BELL,

          Petitioner-Appellant,

v.

STEPHEN W. KAISER;
DREW EDMONDSON; STATE
OF OKLAHOMA,

          Respondents-Appellees.

No. 00-6330
(D.C. No. 99-CV-1146-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks a certificate of appealability (COA) to proceed with his appeal from the district court's denial of his petition for writ of habeas corpus. In order to obtain a COA, petitioner must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). To do so, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

Petitioner raised fourteen issues in his federal habeas petition: (1) error by the trial court in refusing to instruct the jury on voluntary intoxication; (2) ineffective assistance of trial counsel for failing to object to certain jury instructions; (3) failure of the state to prove beyond a reasonable doubt that petitioner did not act in self defense because there were no eye witnesses to the altercation; (4) failure to prove that the candy dish was the weapon used (because there were no fingerprints, DNA blood evidence or forensic reports); (5) failure by the state to disclose that there were no fingerprints, DNA blood evidence, forensic reports or expert medical examiner's reports; (6) insufficient evidence to support the conviction (lack of fingerprints and victim's blood on the dangerous weapon); (7) ineffective assistance of trial counsel for failing to object to the state's evidence and failing to seek a dismissal on the ground that the state failed to prove the candy dish was the weapon used; (8) ineffective assistance of trial

counsel for failing to impeach the victim with her prior conviction; (9) ineffective assistance of trial counsel for failing to contact character witnesses; (10) ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness; (11) violation of petitioner's Fourteenth Amendment rights because he was not permitted to take part in the jury selection process; (12) coercion of the jury by the trial judge and the state; (13) vindictive prosecution in retaliation for petitioner's lawsuits against the Oklahoma county sheriff; and (14) ineffective assistance of trial counsel for failing to seek a change of venue.

The magistrate judge carefully considered each claim. After reviewing the magistrate judge's report and recommendation de novo and considering petitioner's objections, the district court adopted the report and recommendation and denied the petition. We agree with the thorough and well reasoned consideration of petitioner's claims by both the magistrate judge and district judge, making duplication of that analysis unnecessary. Because we have determined that reasonable jurists would find the district court's assessment of petitioner's constitutional claims neither debatable nor wrong, we conclude that petitioner has failed to make a substantial showing of the denial of a constitutional right for substantially the reasons set forth in the magistrate

judge's recommendation of August 21, 2000, and the district court's order of September 21, 2000.

The application for a certificate of appealability is DENIED and the appeal is DISMISSED.  The motion for leave to proceed on appeal in forma pauperis is GRANTED.  The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge